IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GREGORY DUANE DEES                                                                                        PLAINTIFF

v.                                         Civil No. 3:21-cv-03017

SHERIFF TIM ROBERSON,
Boone County, Arkansas;
DEPUTY DUSTY MORGAN; and
FORMER SHERIFF MIKE MOORE                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey the Orders of the Court.

### I.   DISCUSSION

Plaintiff filed his Complaint in this action on March 23, 2021. (ECF No. 1). Answers were filed by the Defendants (ECF Nos. 13, 19, 25), and an Initial Scheduling Order was entered on June 30, 2021. (ECF No. 26). On December 2, 2021, the Plaintiff failed to appear for his properly noticed deposition. The following day, and on motion of the Defendants (ECF Nos. 33, 34), the deadlines set forth in the Initial Scheduling Order were stayed. (ECF No. 35). On December 15, 2021, attorney Floyd A. Healy entered an appearance for the Plaintiff. (ECF No. 36).

1

On January 3, 2022, Defendants filed a Motion to Dismiss or for Sanctions (ECF No. 37) based on Plaintiff's failure to appear for the properly noticed deposition. On January 21, 2022, Defendants' Motion to Dismiss or for Sanctions was granted in part and denied in part. (ECF No. 41). Dismissal of the action was denied, but Defendants' counsel would be awarded reasonable attorneys fees. (*Id*. at 3). Defendants' counsel was given until January 28, 2022, to submit her expenses in connection with the Plaintiff's failure to appear at his deposition. (*Id*.). Defendants' counsel submitted an itemization of fees and expenses in the amount of $1,573.67. (ECF No. 42). By Order entered on February 14, 2022, Plaintiff was given until March 14, 2022, to pay Defendants' fees and expenses in the amount of $1,573.67. (ECF No. 43).

On March 16, 2022, Defendants filed a notice of receipt of the payment. (ECF No. 44). The Court rescheduled the discovery deadline and the deadline for the filing of dispositive motions. (ECF No. 45). On May 18, 2022, Defendants filed a Motion for Entry of a Show Cause Order and/or Stay all Deadlines. (ECF No. 46). In the Motion, Defendants state that Plaintiff appeared at his counsel's office for his deposition on May 5, 2022, which began at 10:01 a.m., and that approximately 45 minutes later the deposition was interrupted by two Little Rock police officers who placed Plaintiff under arrest and removed him from the deposition. The Motion further alleges that Plaintiff was arrested on suspicion of domestic battery, which was reported to first responders by Plaintiff's girlfriend while Plaintiff was in the deposition. (*Id*. at 1-2). Thereafter, Plaintiff's counsel was unable to confirm Plaintiff's availability for deposition. (*Id*.).

On May 26, 2022, Plaintiff's counsel, Mr. Healy, filed a Motion to Withdraw alleging that an irreconcilable conflict had arisen with the Plaintiff. (ECF No. 47). Counsel was advised that

2

before the Court would grant the Motion to Withdraw, he needed to provide the Court with Plaintiff's current or last known address.  (ECF No. 49).  Counsel then filed an Amended Motion to Withdraw providing the Plaintiff's address.  (ECF No. 50).  Counsel was allowed to withdraw.  (ECF No. 51).  Plaintiff was ordered to contact Defendants' counsel to set up the continuation of his deposition, which was to be completed no later than July 21, 2022.  (ECF No. 52).  Plaintiff was advised that his case would be dismissed if he did not submit to deposition by that date.  (*Id.*).  Defense counsel was directed to advise the Court if Plaintiff did not comply.  On July 22, 2022, Defendants filed a Notice of Plaintiff's Non-Compliance stating that Plaintiff had not communicated with defense counsel in any way and failed to submit to deposition.  (ECF No. 53).

In summary, Plaintiff's deposition was properly noticed twice.  On the first occasion, he failed to appear.  On the second occasion, the deposition was interrupted by Plaintiff's arrest.  Plaintiff was then ordered to submit to deposition by July 21, 2022.  Defense counsel indicates Plaintiff has not communicated with her.  Plaintiff has not communicated with the Court.  No mail has been returned as undeliverable.  Plaintiff has failed to submit to deposition or comply with the Court's Order.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, it is recommended, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, that the case be **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of July 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE